UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------- X
SPORTS INVEST US, LLC,                   :
                                                       :
                 Plaintiff,            :
                                                       :
      -against-                  :
                                                       :
WASSERMAN,                       :
                                                       :
                Defendant.          :
------------------------------------------------------- X

**NOTICE OF REMOVAL**

Civil Action No.: CV-2021-005638

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Wasserman Media Group LLC (hereinafter, "Wasserman" or "Defendant"), by and through its undersigned counsel, Nixon Peabody LLP, hereby removes the above-captioned action to the United States District Court for the Eastern District of Pennsylvania, and respectfully states as follows:

**Procedural History And Plaintiff's Allegations**

1. On June 25, 2021, Plaintiff, Sports Invest US, LLC ("Plaintiff"), filed a Complaint in the Court of Common Pleas of Delaware County (the "State Court"), captioned *Sports Invest US, LLC v. Wasserman*, Case ID CV-2021-005638.

2. On September 6, 2022, Plaintiff served a copy of the Summons and Complaint on Wasserman.[1]

---

[1] On January 27, 2022, Wasserman filed a Petition to Open and/or Vacate Default Judgment, entered by the State Court, because Plaintiff failed to effectuate service upon Wasserman. On August 1, 2022, the State Court held that Plaintiff's service on Wasserman was defective, and thus, the Court did not have personal jurisdiction over Wasserman when it entered a default judgment against Wasserman on August 4, 2021. Resultantly, the State Court granted Wasserman's Petition to Open the Default Judgment.

3. On September 28, 2022, Wasserman filed an Answer to Plaintiff's Complaint. The action is presently pending in the State Court.

4. The State Court is within the geographic boundaries of the United States District Court for the Eastern District of Pennsylvania.

5. Plaintiff's Complaint alleges a single cause of action against Wasserman for intentional interference with contractual relations. Specifically, Plaintiff, a sports agency, alleges that Wasserman interfered with its contractual relationships with two Major League Soccer ("MLS") players, Brenden Aaronson ("Aaronson") and Mark McKenzie ("McKenzie"), both of whom played for MLS soccer club, the Philadelphia Union.

6. Plaintiff alleges that Wasserman induced Aaronson and McKenzie to breach their agreements with Plaintiff and sign with Wasserman, and thus deprived Plaintiff of collecting on its contractual expectations just before Aaronson and McKenzie signed multi-million-dollar contracts with prominent European soccer clubs, Red Bull Salzburg and K.R.C. Genk.

7. The Complaint alleges that shortly after Aaronson signed with Wasserman, "Salzburg paid a $6 million dollar transfer fee [to the Philadelphia Union] for Aaronson's contract, plus performance bonuses, and the Philadelphia Union reportedly retained a percentage of any future transfer fees Salzburg may receive for Aaronson. Aaronson, likewise, negotiated a new and extended contract with Salzburg, including a substantial pay increase over his MLS salary." (Ex. A, p. 13 at ¶46.)

8. With respect to McKenzie, the Complaint alleges that shortly after he signed with Wasserman, McKenzie was transferred on a long-term deal to K.R.C. Genk, which "paid a $6 million transfer fee, plus performance bonuses, to purchase McKenzie's contract from the Union." (Ex. A, p. 14 at ¶55.) Plaintiff further alleges that McKenzie "negotiated a new and extended

contract with Genk, including a substantial pay increase over his MLS Salary." (*Id.*) In addition, Plaintiff alleges that Wasserman renegotiated McKenzie's sponsorship deal with Nike, which Plaintiff previously negotiated on McKenzie's behalf. (*Id.*)

**Removal Is Proper Because There Is Complete Diversity Between The Parties And The Amount In Controversy Exceeds $75,000**

9. Pursuant 28 U.S.C. § 1332, "District courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between… citizens of different States." 28 U.S.C. § 1332. "[T]he citizenship of an LLC is determined by the citizenship of its members. And as with partnerships, where an LLC has, as one of its members, another LLC, 'the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be' to determine the citizenship of the LLC.'" *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010) (citations omitted).

*Complete Diversity*

10. Wasserman is a limited liability company with its principal place of business located in Los Angeles, California. At the time the Complaint was filed and as of the filing of this Notice, Wasserman's members are citizens of Arizona, California, Colorado, Delaware, New York, and North Carolina. (Murray Decl., ¶¶ 3-7.)

11. Plaintiff alleges that it is a foreign limited liability corporation with headquarters in New York. (Ex. A, p. 5 at ¶ 2.) On information and belief, no member of Plaintiff is a citizen of Arizona, California, Colorado, Delaware, New York, or North Carolina.

12. Because none of Wasserman's members are citizens of the same state as Plaintiff's sole member, there is complete diversity across the citizenship of the members of the parties. 28 U.S.C. § 1332(a)(1).

### *Amount In Controversy*

13. Pennsylvania does not allow a demand for a specific sum of money where damages are not liquidated. Pa. R. Civ. P. 1021(b). Instead, plaintiff can only request damages in excess of or less than the amount for determining eligibility for arbitration. *Id.*

14. Here, the Complaint does not specify the precise amount of damages Plaintiff seeks. Instead, it asserts that Plaintiff was deprived of its contractual benefit with respect to two multi-million dollar contracts (Ex. A, p. 13 at ¶ 46; *id.*, p. 14 at ¶ 55) and that, consequently, Plaintiff "has suffered significant and ongoing damages *far in excess of the jurisdictional limit for compulsory arbitration* pursuant to Local Rule of Civil Procedure 1301(a)." (*Id.*, p. 15 at ¶ 58.) The jurisdictional limit for compulsory arbitration in Pennsylvania state court is $50,000. Penn. Local Rule of Civ. Proc. 1301(a) ("Any civil action where the amount in controversy is Fifty Thousand ($50,000) Dollars or less and title to real estate is not involved, shall be submitted to compulsory arbitration…"). Thus, the Complaint seeks "damages far in excess of" $50,000.

15. Separately, on February 15, 2022, after the Complaint was filed, Plaintiff demanded $2,000,000 to resolve its lawsuit against Wasserman. (October 6, 2022 Declaration of Anthony Argiropoulos, Esq., ¶ 2.)

16. Accordingly, the amount in controversy exceeds $75,000. *Andrews v. Nike, Inc.*, No. CV 21-2793, 2021 WL 5042460, at *1 (E.D. Pa. Oct. 29, 2021) (Court generally looks to the complaint, but can also look to post-complaint settlement demands made by the plaintiff, to determine amount in controversy).

### The Procedural Requirements For Removal Have Been Satisfied

17. For removal to be timely, notice must be filed within 30 days of service of the complaint. 28 U.S. § 1446; *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (removal is proper within 30 days of the date of service of the complaint).

18. Plaintiff served Wasserman on September 6, 2022. Thirty days from September 6, 2022, is October 6, 2022.

19. Therefore, this Notice of Removal is being filed with this Court within thirty (30) days of service on Wasserman.

20. As required by 28 U.S.C. § 1446(d), Wasserman promptly served this Notice of Removal on Plaintiff's counsel and filed a copy of the Notice of Removal with the Clerk of the State Court.

21. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served on Wasserman are attached hereto as **Exhibit A**. These documents constitute all "processes, pleadings and orders" served upon Wasserman in this action to date. 28 U.S.C. § 1446(a). There are no pending motions in the State Court action.

### Non-Waiver of Defenses

22. In filing this Notice of Removal, and removing this action from State Court, Wasserman does not waive any defenses that may be available to it and all such defenses are hereby expressly reserved.

23. In filing this Notice of Removal, and removing this action from the State Court, Wasserman does not admit any of the allegations in the Complaint.

**WHEREFORE**, Wasserman respectfully submits that this Notice of Removal complies with the statutory removal requirements and respectfully request that the action now proceeding

against it, captioned *Sports Invest US, LLC. v. Wasserman,* Case ID CV-2021-005638, be removed from the State Court to the United States District Court for the Eastern District of Pennsylvania; that this action proceed in this Court as a properly removed action; and for such other and further relief as this Court may deem just and proper.

Dated: October 6, 2022
       Rochester, New York

By: /s/ *Kevin T. Saunders*
    Kevin T. Saunders

**NIXON PEABODY LLP**
ATTY. I.D. 329393
1300 Clinton Square
Rochester, New York 14604
(585) 263-1561
ksaunders@nixonpeabody.com

Carlos Becerra (*Pro Hac Vice forthcoming*)
David M. Prager (*Pro Hac Vice forthcoming*)
Brock Seraphin (*Pro Hac Vice forthcoming*)
300 S. Grand Avenue, Suite 4100
Los Angeles, CA   90071-3151
(213) 629-6000
cbecerra@nixonpeabody.com
dprager@nixonpeabody.com
bseraphin@nixonpeabody.com

*Attorneys for Defendant Wasserman*

- 7 -

## **CERTIFICATE OF SERVICE**

     I hereby certify that the foregoing Notice of Removal, was served on counsel of record for Plaintiff Sports Invest US, LLC, Inc., via overnight delivery and email.

                            /s/ *Kevin T. Saunders*
                            Kevin T. Saunders